U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 1 7 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ALBERT RONNIE BURRELL, et al., <br> Plaintiffs | CIVIL ACTION <br> NO. CV01-2679-M |
| VERSUS | |
| TOMMY ADKINS, et al., <br> Defendants | JUDGE D. "DEE" DRELL <br> MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is civil rights case filed pursuant to 42 U.S.C. § 1983 by plaintiffs Burrell and Graham for violations of their constitutional rights by the defendants during their prosecutions, convictions, and sentences for first degree murder; plaintiffs convictions were ultimately overturned and the state Attorney General decided there was absolutely no evidentiary basis on which to re-prosecute them.

Defendants Tommy Adkins (former Union Parish District Attorney, involved in the prosecutions of Burrell an Graham) and Robert Levy (current Union Parish District Attorney) filed a motion to strike an expert report submitted by plaintiffs (Doc. Item 244). Defendants complain that plaintiffs' expert, Eades Hogue, is not qualified to render an expert opinion concerning the performance of the duties of a District Attorney and an Assistant District Attorney because he has never worked in those capacities.

Plaintiffs argue that Eades Hogue has ten years experience as a federal prosecutor (including a supervisory capacity) and twenty years experience as a criminal defense attorney. Therefore, Mr. Hogue's expertise in the constitutional rights of defendants and basic rules of conduct for the prosecution of a criminal defendant appear to be well-established.

However, there appears to be another reason to strike Mr. Hogue's report. An expert may express an opinion that embraces the ultimate issue if the opinion is otherwise admissible. Fed.R.Evid. 704(a). Rule 704, however, does not permit an expert to state a legal conclusion. An expert's legal conclusion invades the court's province. <u>Texas Peace Officers v. City of Dallas</u>, 58 F.3d 635 (5th Cir. 1995). Expert testimony on issues of law, either giving a legal conclusion or discussing the legal implications of evidence, is inadmissible. <u>Estate of Sowell v. U.S.</u>, 198 F.3d 169, 171 (1999)(allowing expert testimony as to the definition and general standards of conduct of a fiduciary, but excluding testimony as to whether the fiduciaries in the case acted reasonably), citing <u>Askanase v. Fatjo</u>, 130 F.3d 657, 669 (5th Cir. 1997)(upholding exclusion of an attorney expert who sought to testify about whether the officers and directors in the case had breached their fiduciary duties, on the basis that such testimony is an inadmissible legal opinion as to an issue of fact which the trier of fact must decide; an expert may not tell the trier of fact what to decide).

Mr. Hogue's opinions are offered by plaintiffs as evidence of the duties breached by defendants Adkins and Grady with respect to the disclosure of exculpatory and impeachment evidence to the grand jury and to the plaintiffs herein in their criminal cases, as well as the mishandling of the investigation of the case by the Sheriff's office defendants (Doc. Item 225, Exs. 47, 48, 48). In his reports, Mr. Hogue summarizes the "facts" of the case, reviews the pertinent law, and expresses his opinions as to whether Tommy Adkins and David Grady (the Assistant District Attorney who assisted in the prosecution) committed willful acts of prosecutorial misconduct calculated to deprive Burrell and Graham of their constitutional rights to due process and fair trials, and as to the conduct of the investigation of the case by the Sheriff's Department defendants.

Therefore, Mr. Hogue's report clearly encroaches on the province of the court by expressing his opinion that the evidence shows the defendants violated plaintiffs' constitutional rights in the investigation and prosecution of this case - essentially telling the court how to decide the case. Therefore, his report is inadmissible and should be stricken.

However, it is noted that defendants have also filed a similar report by another "expert" in the law (see Doc. Item 242), which also purports to inform the court as to the law. Defendants filed a similar expert witness report from their own attorney-expert,

Bernard E. Boudreaux, Jr., a former City Attorney of Franklin, Louisiana[1] (for fourteen years) (Doc. Items 237; 242; 243, Ex. O), in which Mr. Boudreaux summarizes the facts of the case (as disclosed to him by Adkins and Levy), as well as the applicable law, and expresses his opinion (in one sentence) as to the propriety of the exercise of prosecutorial discretion by Adkins in the prosecution of Burrell and Graham. Since this is a conclusion that should be made by the court alone in the determination of the propriety of Adkins' conduct in prosecuting the plaintiffs, this report should be stricken as highly inadmissible.

Since both expert reports reach conclusions which clearly invade the province of the court as to both legal and factual conclusions determinative of the outcome of this case, both reports should be stricken from the record, and all mention of such reports stricken from the parties' pleadings.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the expert report submitted by plaintiffs by their legal expert, Eades Hogue, and the expert report submitted by defendants by their legal expert, Bernard E. Boudreaux, Jr., both be STRICKEN FROM THE RECORD.

---

[1] Although Mr. Boudreaux has experience as a prosecutor, it does not appear that he has any experience as a district attorney or an assistant district attorney, either. Thus, defense counsel moved to strike plaintiffs' expert report on grounds which appear to apply equally to their own expert.

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 17th day of August, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

5