

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **ALBERT RONNIE BURRELL, et al.** | **CIVIL ACTION NO. 3:01CV2679** |
| -vs- | **JUDGE DRELL** |
| **TOMMY ADKINS, et al.** | **MAGISTRATE JUDGE KIRK** |

### RULING

Before the Court is the magistrate judge's report and recommendation (Doc. 265) concerning the motion for summary judgment (Doc. 214) filed by defendants Tommy Adkins (in his official capacity only as former district attorney of Union and Lincoln Parishes) and Robert Levy (in his official capacity only as current district attorney of Union and Lincoln Parishes). After an independent review of the record, including the written objections submitted by Adkins and Levy, and concurring in part with the magistrate judge's findings under the applicable law, this Court adopts the magistrate judge's report and recommendation in part, subject to the modifications set out below.

### SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Id. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2552 (1986)). In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992).

## ANALYSIS

After close review of all the documents before us, we agree with the report and recommendation in all respects save one, and the exception is a significant one—the recommended sua sponte grant of summary judgment in favor of the plaintiffs on the grounds of res judicata and/or issue preclusion under La. Rev. Stat. § 13:4231.

> Generally, "a district court may not grant summary judgment sua sponte on grounds not requested by the moving party." Baker v. Metro. Life Ins. Co., 364 F.3d 624, 632 (5th Cir.2004) (quoting John Deere Co. v. Am. Nat'l Bank, 809 F.2d 1190, 1192 (5th Cir.1987)). An exception exists when the district court gives a party ten days notice; in those situations a court may grant summary judgment sua sponte on grounds not urged in a pending motion. See Judwin Properties, Inc. v. U.S. Fire Ins. Co., 973 F.2d 432, 436-37 (5th Cir.1992).

2

Lozano v. Ocwen Federal Bank, FSB, 489 F.3d 636, 641 (5th Cir. 2007). Significantly, the plaintiffs have not even submitted a motion for summary judgment. The intended focus of the report and recommendation was the motion for summary judgment submitted by Adkins and Levy. It should go without saying that Adkins and Levy, as the only moving parties, did not seek summary judgment in the plaintiffs' favor on any grounds. Summary judgment based on Section 4231, then, falls under the general rule that disfavors granting summary judgment sua sponte.

Although theoretically we could still grant summary judgment sua sponte by providing ten days notice, that issue is moot because we decline to adopt the recommendation that we grant summary judgment in the plaintiffs' favor on certain claims. After examining the parties' briefs on the issues of res judicata and issue preclusion under La. Rev. Stat. § 13:4231 and after independent research, we are not convinced that Section 4231 bars litigation of the issues now before us.

We begin by noting that the Full Faith and Credit Statute, 28 U.S.C. § 1738, "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Kremer v. Chemical Const. Corp., 456 U.S. 461, 466 (1982). Actions under 42 U.S.C. § 1983 follow the same rule. Allen v. McCurry, 449 U.S. 90, 97-99 (1980). See also Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 80-85 (1984) (reiterating that Section 1983 actions must apply state claim preclusion and issue preclusion rules). Thus, for the Section 1983 instant action, we look to Louisiana's claim preclusion and issue preclusion statute, La. Rev. Stat. § 13:4231, which provides in full:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

La. Rev. Stat. § 13:4231.

The Louisiana First Circuit Court of Appeal provides the following concise overview of Section 4231:

> Res judicata is an issue and claim preclusion device found both in federal law and state law. The purpose of both federal and state law on res judicata is essentially the same-to promote judicial efficiency and final resolution of disputes by preventing needless relitigation.
>
> Under LSA-R.S. 13:4231, res judicata bars relitigation of a subject matter arising from the same transaction or occurrence as a previous suit. Thus, the chief inquiry is whether the second action asserts a cause of action that arises out of the transaction or occurrence that was the subject matter of the first action. Furthermore, the doctrine of res judicata is not discretionary and mandates the effect to be given to final judgments.
>
> Louisiana Revised Statute 13:4231 embraces the broad usage of the phrase "res judicata" to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel). Under claim preclusion, the res judicata effect of a judgment on the merits precludes the parties from relitigating matters that were or could have been raised in that action. Under issue preclusion or collateral estoppel, however, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation

> of the same issue in a different cause of action between the same parties. Thus, res judicata used in the broad sense has two different aspects: 1) foreclosure of relitigating matters that have never been litigated but should have been advanced in the earlier suit; and 2) foreclosure of relitigating matters that have been previously litigated and decided.
>
> Res judicata cannot be invoked unless all its essential elements are present and each necessary element has been established beyond all question. The res judicata doctrine must be strictly construed, and any doubt concerning its applicability is to be resolved against the party raising the objection.

Mandalay Oil & Gas, L.L.C. v. Energy Development Corp., 867 So. 2d 709, 713 (La. App. 1 Cir. 2002) (citations omitted).

The prior litigation in question is the March 3, 2000 ruling of the Third Judicial District Court of the State of Louisiana granting the plaintiffs' motion for new trial in the state criminal action. It clearly does not involve the same cause of action as this present civil matter. Thus, the plaintiffs are correct in arguing that the issue here is not res judicata but issue preclusion (collateral estoppel). Even so, whether the analysis involves res judicata or issue preclusion, Section 4231 requires that there be "a valid and final judgment," and we are not convinced there is such a judgment in this case.

We need not take into account the defendants' argument that Louisiana does not apply issue preclusion from criminal prosecutions to civil actions. Instead, we may resolve the issue at a more basic level. In the absence of case law explaining whether or not a ruling <u>granting</u> a motion for new trial constitutes a final judgment, we look to the scant clues available to us. Under Louisiana Code of Criminal Procedure article 857, "[t]he effect of granting a new trial is to set aside the verdict or judgment and to permit retrial of the case with as little prejudice to either party as if it had never been tried."

Official Revision Comment (a) to article 857 states in part: "This article continues the sound rule . . . that the slate is wiped clean when a new trial is granted."

This suggests that the granting of a new trial does not constitute a "valid and final judgment" under La. Rev. Stat. § 13:4231. It obviously does not resolve the ultimate rights of the criminal defendant, since the State may proceed with a new criminal trial following the decision. We have other doubts as to Section 4231's applicability, but we need not and should not proceed further. Because we must strictly construe the Section 4231's requirements, our significant doubt as to this threshold issue requires that we construe this matter against the application of issues preclusion. Thus, we refuse to adopt the recommendation that we grant summary judgment <u>sua sponte</u> in favor of the plaintiffs under La. Rev. Stat. § 13:4231.

Although we refuse to adopt that recommendation, however, we do agree with and hereby adopt the remainder of the report and recommendation in its entirety. Although the recommendation for summary judgment in favor of the plaintiffs would have mooted any further discussion of Section 1983 claims, the report and recommendation contains a full analysis of each of these claims under the summary judgment standard. Because we agree entirely with that alternative analysis, we adopt it and deny summary judgment on each of the Section 1983 claims. Thus, the effect of today's ruling and judgment is to dismiss the state law claims and to allow the Section 1983 official capacity claims against Adkins and Levy to proceed.

## CONCLUSION

Based on the foregoing, the motion for summary judgment filed by Adkins and Levy (Doc. 214) will be:

(a) DENIED IN PART AS MOOT on the issues of Eleventh Amendment liability; absolute prosecutorial immunity from both Section 1983 and state law claims against them in their individual capacities; and "boilerplate" Monell claims;

(b) DENIED IN PART on the issue of absolute immunity in their official capacities from the Section 1983 claims;

(c) DENIED IN PART as to the Monell official capacity claims for violations of the plaintiffs' constitutional rights under Brady;

(d) DENIED IN PART on the Section 1983 official capacity claims on the issue of failure to train;

(e) DENIED IN PART on the Section 1983 official capacity claims on the issue of false imprisonment and false arrest; and

(f) GRANTED as to the state law official capacity claims against them. It will be ordered that these state law claims be DISMISSED WITH PREJUDICE.

SIGNED on this 9th day of January, 2008, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE