
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

FEB 13 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **ALBERT RONNIE BURRELL, et al.** | **CIVIL ACTION NO. 3:01CV2679** |
| -vs- | **JUDGE DRELL** |
| **TOMMY ADKINS, et al.** | **MAGISTRATE JUDGE KIRK** |

## RULING

For the reasons given below, the motion for Reconsideration of their earlier Motions for Summary Judgment and for Judgment on the Pleadings (Doc. 352), as well as the Motion to Continue (Doc. 355), filed jointly by district attorney defendants ("DA defendants") Tommy Adkins (in his official capacity only as former district attorney of Union and Lincoln Parishes) and Robert Levy (in his official capacity only as current district attorney of Union and Lincoln Parishes), will be DENIED.

The DA defendants urge that the recent decisions of the Fifth Circuit in *Thompson v. Connick*, No. 07-30443, 2008 WL 5265197 (5th Cir. Dec. 19, 2008), and the United States Supreme Court in *Van de Kamp v. Goldstein*, 129 S.Ct. 855, 77 U.S.L.W. 4100 (2009) (decided on January 26), militate a reconsideration in favor of granting their earlier-denied motion for summary judgment (Doc. 214). Similarly, they move to continue the upcoming trial date so as to give the federal courts, especially the Fifth Circuit, time to digest these decisions. That is unnecessary. Should another tribunal offer an interpretation of these cases that is inimical to our own or precedentially binding in

connection with the trial of the instant matter, the DA defendants have available a number of procedural options to protect their interests. We simply will not delay this trial any longer based on what "might" happen.

That said, both of these cases are readily distinguishable from the present action on key factual grounds, and for that reason alone they would not require us to upset our prior denial of the DA defendants' motions. In addition to being factually distinct, Thompson works no change in the law on § 1983 Monell claims that supported this Court's prior judgment (Doc. 275, entered January 10, 2008) finding that Plaintiffs presented sufficient evidence to survive the DA defendants' earlier motion. No new evidence or new precedent has been presented that would change that prior determination. Goldstein is a unanimous reaffirmation only of the principle that individual prosecutors enjoy absolute immunity from § 1983 actions against them in their individual capacities as set forth in Imbler v. Pachtman, 424 U.S. 409 (1976).[1] See

---

[1] It is worth noting that the prosecutors in Goldstein were sued in their individual capacities, and the issues were framed this way by the Petitioners in their writ petition:

> The respondent asserts in his complaint that prosecutors did not disclose to his counsel that one of the witnesses against him had received benefits in exchange for testifying at the respondent's criminal trial. However, there is no dispute that decisions made by an individual prosecutor regarding the disclosure of informant information are covered by the absolute prosecutorial immunity, even if those decisions violate the requirements of Brady v. Maryland, supra, 373 U.S. 83 (1963) and Giglio v. United States, supra, 405 U.S. 150 (1972).
>
> So the respondent circumvented that immunity by instead suing the petitioners herein—the two senior officials in Los Angeles County District Attorney's office—in their individual capacities, alleging that in violation of Giglio they failed to establish a system within their agency to ensure that informant information was made available to all deputy district attorneys.

See Petition for Writ of Certiorari at *6–*7, Van de Kamp v. Goldstein, 129 S.Ct. 855, 77 U.S.L.W. 4100 (2009) (No. 07-854), available at 2007 WL 4631296.

*Goldstein*. 2009 WL 160430, at *3. The individual capacity claims against DA defendants in this case were dismissed almost five years ago (*see* Doc. 91).

Additionally, the motion for reconsideration is untimely as a matter of law by well over a year. *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."). Here the DA defendants urge reconsideration of a judgment entered on January 10, 2008. Likewise, choosing to characterize the motion to reconsider as a new motion for summary judgment in light of the two assertedly novel cases would place the motion well beyond this Court's previously imposed, and long past, deadline (Doc. 205, ordering filing of dispositive motions by Nov. 7, 2006).

The motion to reconsider and motion to continue the trial together constitute an eleventh-hour plea to this Court to move a month-long jury trial that was set on clear calendars by agreement of all counsel at a pretrial conference on April 18, 2008, and is set to begin in less than three weeks. This is a date for which Plaintiffs have waited since filing this suit in 2001. Judging by the state of our docket, and the nightmare of upsetting a trial of this length while trying to find a new slot for it, a delay at this point would mean that this case would not go to trial until some time well into 2010. That is unacceptable, as prudential concerns of fairness to all parties—in addition to the reasons above—require us to deny the motion for reconsideration and the motion to continue.

SIGNED on this 13 day of February, 2009 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

3